■ WILLIAM OGGERI, Respondent, v KAY CHEMICAL COMPANY, Defendant, and BANNER MANUFACTURING COMPANY, Appellant. — In an action to recover damages for personal injuries, defendant Banner Manufacturing Company appeals from an order of the Supreme Court, Richmond County (Rubin, J.), dated February 4, 1983, which (1) denied its motion pursuant to CPLR 3211 (subd [a], par 8) to dismiss the complaint as against it on the ground of lack of personal jurisdiction, and (2) held that it was subject to personal jurisdiction pursuant to CPLR 302 (subd [a], par 3, cl [ii]). ¶ Order reversed, without costs or disbursements, and matter remitted to the Supreme Court, Richmond County, for a hearing and new determination consistent herewith. ¶ Plaintiff, an employee of a McDonald's restaurant, was injured while using a cleaning product known as "Fryer-Broil Out". The complaint, sounding in negligence, breach of warranty and strict products liability, alleges that the chemical cleaner was manufactured by defendant Kay Chemical Company (hereafter Kay) and was packaged in a container manufactured by defendant Banner Manufacturing Company (hereafter Banner). The complaint further alleges that Banner was authorized and/or licensed to do business in New York. Banner denied that allegation, and asserted lack of personal jurisdiction as an affirmative defense; it subsequently moved to dismiss the complaint as against it on that ground (see CPLR 3211, subd [a], par 8). ¶ The affidavits in support of the motion state that Banner is a North Carolina corporation, that its sole office is within that State, that it has no office, agent or telephone listing in New York, that it is not authorized to do business in New York, and that it does not solicit business or advertise in New York. In addition, Richard Bullard, Banner's president, deposed that the corporation's business activities are primarily limited to the southeastern United States (approximately 99% of its business is conducted therein). Bullard acknowledged that Banner accepts unsolicited orders, amounting to approximately 1% of its total sales volume (which is approximately $2,000,000), from a company located in Elmont, Long Island. ¶ In opposition, plaintiff's attorney asserted that Banner was subject to the personal jurisdiction of New York courts under CPLR 301 and 302 (subd [a], par 3, cl [ii]). He claimed, *inter alia,* that containers manufactured by Banner were shipped to New York pursuant to purchase orders from McDonald's and that Banner placed the allegedly defective product which caused plaintiff's injury into interstate commerce with the expectation that it would

be purchased and used by consumers in New York State, thereby satisfying the due process requirements of minimum contacts and substantial fairness. ¶ Special Term denied the motion, concluding that Banner was subject to personal jurisdiction in New York by virtue of CPLR 302 (subd [a], par 3, cl [ii]). ¶ We hold that the present record is insufficient to support the conclusion that Banner is, in fact, subject to New York jurisdiction. CPLR 302, entitled "Personal jurisdiction by acts of non-domiciliaries", provides in relevant part: ¶ "(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent * * * ¶ "3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he * * * ¶ "(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce". ¶ The complaint and papers submitted in opposition to Banner's motion made a sufficient showing (1) that a tortious act was committed without the State, (2) that said act caused injury to a person within the State and (3) that the alleged tort-feasor, Banner, derives substantial revenue from interstate commerce. The remaining requirement to support jurisdiction under CPLR 302 (subd [a], par 3, cl [ii]) is foreseeability, that Banner should have "expect[ed] or should reasonably [have] expect[ed] the act to have consequences in th[is] state". ¶ In this regard, counsel for plaintiff in his affirmation in opposition to Banner's motion has claimed in a conclusory manner that "plastic containers [manufactured by Banner] were shipped to New York pursuant to purchase orders from MCDONALD's". Defendant Kay has conceded that it "manufactured the substance allegedly involved in plaintiff's accident", but claimed that the substance was contained in a plastic container "manufactured by BANNER and sold and distributed to MCDONALD's RESTAURANTS". Banner on the other hand, maintained that Kay, like Banner, is a North Carolina corporation and that its sales to Kay are, therefore, intrastate. ¶ In our view, the issue of jurisdiction cannot be determined on the conclusory claims made by counsel for the various parties. Resolution of the issue of whether Banner expected (or reasonably should have expected) that its business dealing with Kay would result in injury within this State must await determination following a hearing at which the nature and extent of Banner's business dealings with Kay can be explored. Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.